**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER LOUIS MORTON,** | ) | |
| **ID # 55027-177,** | ) | |
| **Movant,** | ) | |
| | ) | **No. 3:19-CV-2144-N-BH** |
| **vs.** | ) | **No. 3:16-CR-482-N(1)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | **Referred to U.S. Magistrate Judge[1]** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 10, 2019 (doc. 2), should be **DENIED** with prejudice.

## I.    BACKGROUND

Christopher Louis Morton (Movant) challenges his federal conviction and sentence in Cause No. 3:16-CR-482-N(1).  The respondent is the United States of America (Government).

**A.    Conviction and Sentencing**

On November 1, 2016, Movant was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One).  (*See* doc. 1.)[2]  He pled guilty to Count One on January 10, 2017.  (*See* doc. 17.)  In support of his plea, he submitted a factual resume that set out the elements of, and range of penalties for, Count One; it stated that Movant had discussed the federal sentencing guidelines with counsel, and that he understood his sentence would be imposed by the Court after consideration of the applicable

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action, No. 3:16-CR-482-N(1).

statutes, and the non-binding sentencing guidelines and sentencing factors under 18 U.S.C. § 3553(a).  (*See* doc. 15 at 1-2.)[3]  In it, Movant agreed that he understood and waived his rights to plead not guilty, to have a trial by jury, to have his guilt proven beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses, and to not be compelled to incriminate himself.  (*See id.* at 2-3.)  He also agreed that he understood the nature and elements of Count One, that the stipulated facts in the factual resume were true and would be submitted as evidence, including his stipulation that "on or about August 19 2016, . . . having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly and unlawfully possessed in and affecting interstate and foreign commerce, a firearm[.]"  (*Id.* at 3.)

    At his re-arraignment on January 10, 2017, Movant acknowledged under oath that he had read and discussed the factual resume with counsel, that he understood everything stated in the factual resume, that the stipulated facts were true and correct, and that he understood and had committed each of the essential elements of the charged offense.  (*See* doc. 41 at 9-12, 14.)  He was advised that the sentencing guidelines were advisory and the Court was not required to follow them, and he affirmed that he had discussed with his attorney how the sentencing guidelines might apply to his case; he understood that he should not depend or rely on any statement or promise, including that of his counsel, as to the exact sentence he would receive because only the Court could make that decision.  (*See id.* at 6-7.)  He also understood that the Court alone would determine his sentence after consideration of the sentencing guidelines, a Presentence Investigation Report (PSR) that could include facts not contained in his factual resume or exclude facts that were recited there, any objections to the PSR, and evidence and arguments at the sentencing hearing.  (*See id.* at 7-8.)  He acknowledged that by pleading guilty to Count One, he

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

was subjecting himself to a maximum term of 10 years' imprisonment, a fine up to $250,000 or twice any gain to Movant or loss to any victim, a term of supervised release of not more than three years, a special assessment, restitution, costs, and forfeiture of property. (*See id.* at 12-13.) He understood that if his sentence was more severe than he expected, he would still be bound by his guilty plea. (*See id.* at 13.) Movant pled guilty, and the Court found that his guilty plea was knowing and voluntary. (*See id.* at 13-15; docs. 20, 22.)

On March 10, 2017, the United States Probation Office (USPO) prepared a PSR in which it applied the 2016 United States Sentencing Guidelines Manual. (*See* doc. 25-1 at ¶ 13.) After applying U.S.S.G. § 2K2.1, which is the applicable guideline for 18 U.S.C. §§ 922(g)(1) and 924(a)(2) offenses, it calculated a base offense level of 14. (*See id.* at ¶ 14.) Two levels were deducted for acceptance of responsibility, resulting in a total offense level of 12. (*See id.* at ¶¶ 21-22.) Based on a criminal history category of VI and an offense level of 12, the resulting guideline imprisonment range was 30-37 months. (*See id.* at ¶ 77.)

On March 14, 2017, the Government filed objections to the PSR, arguing that Movant's base offense level should have been 24 or 20 based on two prior state felony convictions that qualified as controlled substance offenses and a crime of violence, respectively, as defined under U.S.S.G. § 4B1.2(b). (*See* doc. 26 at 1.) The Government argued that Movant's 1999 state felony conviction for unlawful possession of a controlled substance with intent to deliver in Case No. F99-48842 in the 292nd Judicial District Court of Dallas County, Texas, was a controlled substance offense.[4] (*See id.* at 2.) It also argued that Movant's 2010 state jail felony conviction for attempting to take a weapon from a peace office in Case No. F10-55039-X in the Criminal District Court #6 of Dallas County, Texas, qualified as a crime of violence for sentencing purposes.

---

[4] The Government acknowledged that this argument was foreclosed by *United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017), but it raised the argument to preserve it while *Tanksley* was on appeal. (*See* doc. 26 at 2.)

(*See id.* at 2-3; doc. 26-1.)  It contended that Movant's base offense level would be 24 if both state convictions qualified for sentence enhancements; it would be 20 if only the 2010 state conviction qualified.  (*See* doc. 26 at 3-4.)  On March 17, 2017, Movant filed a statement of no objection to the PSR.  (*See* doc. 27.)

The USPO submitted an addendum to the PSR on March 20, 2017, rejecting the Government's contention that Movant's 1999 state conviction qualified as a controlled substance offense for enhancement purposes, and accepting the Government's objection that Movant's 2010 state conviction qualified as a crime of violence for enhancement purposes.  (*See* doc. 28-1 at 1.) The addendum applied U.S.S.G. § 2K2.1(a)(4)(A) and calculated a new base offense level of 20, and then deducted three levels for acceptance of responsibility, resulting in a total offense level of 17.  (*See id.* at ¶¶ 14, 21-23.)  Based on a criminal history category of VI and an offense level of 17, Movant's resulting guideline imprisonment range became 51 to 63 months.  (*See id.* at ¶ 77.)

At the sentencing hearing on April 17, 2017, the Court adopted the factual contents of the PSR and the addendum as its factual determination.  (*See* doc. 38 at 12.)  By judgment dated April 20, 2017, it sentenced Movant to 57 months' imprisonment, to run concurrently to any sentence imposed in three related state cases, and to be followed by a two-year term of supervised release. (*See* doc. 32 at 1-3.)  It also ordered him to pay a $100 special assessment.  (*See id.* at 6.)

On direct appeal to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit), Movant challenged the application of a base offense level of 20 under the sentencing guidelines; he contended that his 2010 state conviction for attempting to take a weapon away from a peace officer did not support the "offense level because it was treated, with a prior related four-year sentence for being a felon in possession of a firearm, as a 'single sentence' and received no criminal-history points under Guideline § 4A1.1(a)-(c)."  *United States v. Morton*, 714 F. App'x

419, 420 (5th Cir. 2018).  The Fifth Circuit affirmed the judgment on March 8, 2018.  *See id.* at

421.  The Supreme Court denied Movant's petition for a writ of certiorari on October 1, 2018.  *See*

*Morton v. United States*, 139 S. Ct. 146 (2018).

On December 9, 2020, Movant was released from the custody of the Bureau of Prisons

(BOP) to begin serving his term of supervised release.  *See* Federal Bureau of Prisons,

https://www.bop.gov/inmateloc/ (last visited June 9, 2022).

### B.   <u>Substantive Claims</u>

Movant asserts the following grounds for relief:

(1) Ineffective Assistance of Counsel; violation of Constitional [sic] 6th Amend.
    *Johnson v. U.S.*; 135 S. Ct. 2551 (2015); and

(2) I am actually innocent of violating § 922(g) Felon in possession of a firearm.
    *Rehaif v. United States* (No. 17-9560) (S. Ct. June 21, 2019).

(No. 3:19-CV-2144-N-BH, doc. 2 at 7.)  On September 10, 2019, he amended his motion to allege:

"I claim innocent [sic] of violating § 922(g) Felon in possession of a firearm, due to the ruling of

the Supreme Court; *Rehaif v. United States*, (No. 17-9560) (S. Ct. June 21, 2019)."  (*Id.*, doc. 3.)

The Government filed a response on December 16, 2019, and Movant filed a reply on February 3,

2020.  (*See id.*, docs. 15, 19.)

### II.   SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and

for a narrow range of injuries that could not have been raised on direct appeal and would, if

condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589

(5th Cir. 1996) (citations and internal quotation marks omitted).  It is well-established that "a

collateral challenge may not do service for an appeal."  *United States v. Shaid*, 937 F.2d 228, 231

(5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.[5]

## III.   PROCEDURAL BAR

In his second ground for relief, Movant contends that he is "actually innocent of violating § 922(g) Felon in possession of a firearm." (No. 3:19-CV-2144-N-BH, doc. 2 at 7; *see also id.*, doc. 3; doc. 19 at 12.) Citing *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he argues that he "did not know or had knowledge that I fell into one of the 3 categories of persons to whom the offense applies." (*Id.*, doc. 2 at 7; *see also id.*, doc. 19 at 12.) The Government contends that this ground is procedurally barred because Movant failed to raise it on direct appeal. (*See id.*, doc. 15 at 14-17.)

As noted, a movant may be procedurally barred from collaterally attacking claims that were not raised in a direct appeal. *Willis*, 273 F.3d at 595. To overcome the bar, they must show "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. Even

---

[5] Although Movant was released from BOP custody while his motion was pending, the "in custody" determination under § 2255 is made at the time the habeas motion is filed. *See Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). Additionally, his term of supervised release also satisfies the "in custody" requirement. *See id.*

then, any new assertion of error is limited to "issues of constitutional or jurisdictional magnitude." *Id.* The only exception is when a movant can establish a fundamental miscarriage of justice, i.e., that he is actually innocent. *Id.*

Here, Movant has not shown any reason for his failure to raise his second ground for relief on direct appeal; he does not assert either cause or prejudice. Although he appears to raise the fundamental miscarriage of justice exception to the procedural bar by alleging that he is actually innocent of § 922(g) under *Rehaif*, his conclusory allegations are unsupported by the record and without merit.

In *Rehaif*, the Supreme Court held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. In the underlying criminal case, Movant was convicted under § 922(g)(1), which provides:

> It shall be unlawful for any person –
>
> > (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). In his § 2255 filings, Movant does not specifically allege either that he did not know that he possessed a firearm or that he did not know his felony status. Even assuming for purposes of this motion that he had alleged lack of knowledge of both elements, the allegations are refuted by the record.

In his factual resume, Movant admitted to "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly and unlawfully

possessed in and affecting interstate and foreign commerce, a firearm[.]" (doc. 15 at 3.)  The PSR showed that Movant had been convicted of multiple prior state felonies punishable by more than one year of imprisonment, for which he also received sentences longer than one year.  (*See* doc. 25-1 at ¶¶ 32, 38-39, 42-43.)  At his re-arraignment, Movant also admitted to the Court under oath that he knowingly possessed a firearm, and that before he possessed the firearm, a court had convicted him of a crime punishable by imprisonment for a term in excess of one year, i.e., a felony.  (*See* doc. 41 at 9-10.)

Aside from conclusory allegations unsubstantiated by the record, Movant has not alleged facts or evidence showing that he did not know that he possessed a firearm, or that he did not know his felony status when he possessed the firearm; nor has he shown that the Government failed to prove his knowledge for purposes of *Rehaif*.  His conclusory statements are insufficient to warrant § 2255 relief.[6]  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition [ ], unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'").  He therefore has failed to establish actual innocence of § 922(g) or any merit to his claim under *Rehaif*.

Additionally, to the extent Movant "challenge[s] the mens rea (actual knowledge) of affecting interstate commerce in violation of 922(g)," *Rehaif* did not impose a requirement on the Government to prove that a defendant knew the offense conduct affected interstate commerce.

---

[6] In his reply, Movant "also challenges the constitutionality of his statute of the conviction." (No. 3:19-CV-2144-N-BH, doc. 19 at 12.)  To the extent his allegation can be liberally construed as a separate ground for relief from his claim under *Rehaif*, Movant has failed to provide any additional arguments, facts, or evidence challenging the constitutionality of the statutes under which he was convicted on any other grounds.  He also does not assert cause or prejudice for failing to raise the challenge on direct appeal, and he does not establish a fundamental miscarriage of justice.  He has not shown he is entitled to habeas relief on this basis, and his claim should be denied.

(No. 3:19-CV-2144-N-BH, doc. 19 at 13; *see id.*, doc. 19 at 12.)  To the contrary, the Supreme

Court acknowledged in *Rehaif* that "[n]o one here claims that the word 'knowingly' modifies [§

922(g)'s] jurisdictional element," that is, the element that the offense conduct was "in or affecting

commerce."  139 S. Ct. at 2196.  It determined that "[b]ecause jurisdictional elements normally

have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject

to the presumption in favor of scienter."  *Id.*

　Because Movant has failed to provide any evidence of actual innocence or that he is

entitled to relief under *Rehaif*, his claim is procedurally barred and meritless and should be denied.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

In his first ground, Movant contends that trial counsel rendered ineffective assistance.  (*See*

No. 3:19-CV-2144-N-BH, doc. 2 at 7.)

The Sixth Amendment to the United States Constitution provides, in relevant part, that

"[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defense." U.S. CONST. amend. VI.  It guarantees a criminal defendant the effective

assistance of counsel, both at trial and on appeal.  *Strickland v. Washington*, 466 U.S. 668, 686

(1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985).  To successfully state a claim of ineffective

assistance of counsel, the movant must demonstrate that counsel's performance was deficient and

that the deficient performance prejudiced his defense.  *Strickland*, 466 U.S. at 687. A failure to

establish either prong of the *Strickland* test requires a finding that counsel's performance was

constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v.*

*Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong

presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (recognizing that the inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

## A.    <u>Failure to Object</u>

Movant contends that trial counsel was ineffective because she "failed to object to the Governments [sic] wishes to enhance the defendants [sic] sentence due to a prior conviction that did not recieve [sic] points in criminal history presentence investigation report." (No. 3:19-CV-2144-N-BH, doc. 2 at 7.) In his reply, Movant appears to voluntarily dismiss this ground for relief,[7] contending that trial counsel "failed to challenge not the sentencing guideline enhancement, as [appellate counsel] stated on movant's direct appeal in *Morton v. United States*, 714 Fed. Appx. 419 (5th Cir. 2018) but [trial counsel] failed to object to the prior conviction qualifying as a crime of violence." (*Id.*, doc. 19 at 7.) He claims that because of trial counsel's "poor performance and

---

[7] To the extent Movant did not intend to dismiss this ground for relief, he does not otherwise address it in his § 2255 filings. On direct appeal, he raised the claim that the Court erred in enhancing his sentence on the same basis. *See Morton*, 714 F. App'x at 420. Reviewing for clear error, the Fifth Circuit determined that an amendment to the sentencing guidelines contradicted his claim. *See id.* at 421. Because Movant has failed to allege any facts or evidence showing that counsel's performance was deficient for failing to raise an argument that was rejected on appeal, or that the outcome of the proceeding would have been different but for counsel's alleged deficiency, he has not satisfied either *Strickland* prong. Accordingly, to the extent this claim should be considered, it should be denied.

counsel's unprofessional error, Movant was sentenced to 57 months of imprisonment. This was 20 months more than his original sentencing guidelines[.]"  (*Id.*)

Here, the prior conviction upon which Movant bases his claim is his 2010 state jail felony conviction for attempting to take a weapon from a peace officer in Case No. F10-55039-X in the Criminal District Court #6 of Dallas County, Texas. (*See id.*, doc. 19 at 6-10.) He was convicted of this state offense under Section 38.14 of the Texas Penal Code, which then provided that the offense was committed "if the person intentionally or knowingly and with force takes or attempts to take from a peace officer . . . the officer's . . . stun gun . . . with the intention of harming the officer[.]" Tex. Pen. Code § 38.14(b) (2009); (*see also* doc. 26-1 at 1-3, 7.) The USPO's addendum to the PSR in the underlying criminal case determined that Movant's 2010 conviction was a crime of violence under U.S.S.G. § 2K2.1(a)(4)(A), resulting in a base offense level of 20. (*See* doc. 28-1 at ¶ 14.)

Under § 2K2.1(a)(4)(A), a base offense level of 20 applies when "[t]he defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense[.]" U.S.S.G. § 2K2.1(a)(4)(A). A crime of violence for purposes of § 2K2.1(a)(4)(A) includes "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" U.S.S.G. § 4B1.2(a)(1); *see also* U.S.S.G. § 2K2.1 cmt. n.1 (incorporating by reference the definition of "crime of violence" set forth in § 4B1.2(a)(1) and its application notes). The Fifth Circuit has held that § 38.14 of the Texas Penal Code qualifies as a crime of violence for enhancement purposes under a sentencing guideline provision that included the same clause in its definition of "crime of violence." *See United States v. Avalos-Martinez*, 700 F.3d 148, 153 (5th Cir. 2012) ("Therefore,

we conclude that the crime of attempting to take a weapon from a peace officer has the use of force against the person as a necessary element, and that it qualifies as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).");  U.S.S.G. § 2L1.2 cmt. n.2 (defining "crime of violence" to include "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.").

Because the Fifth Circuit has determined that § 38.14 of the Texas Penal Code is a crime of violence for enhancement purposes under a guideline involving the same definition, and because § 38.14 expressly includes as an element the use of force in taking or attempting to take certain items from a peace officer, Movant has not alleged a meritorious basis on which counsel could have objected that the offense was not a crime of violence.  Trial counsel was not deficient for failing to raise a meritless objection to the determination that Movant's 2010 conviction was a crime of violence for sentencing purposes.  *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (stating that counsel is not deficient for failing to raise a meritless argument); *Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Even if trial counsel's performance had been deficient for failing to object as alleged by Movant, *Strickland* also requires a showing of resulting prejudice.  Movant has not shown a reasonable probability that an objection would have been sustained or that the result of the proceeding would have been different but for counsel's alleged deficiency.[8]  He therefore has failed to show *Strickland* prejudice.  The claim should be denied.

---

[8] Movant also argues in his reply that "the Attempt [sic] to commit a crime which is the lowest grade felony in a jurisdiction may constitute a misdemeanor," and that his 2010 conviction was an "Inchoate Crime" because it was a conviction for an attempted offense.  (No. 3:19-CV-2144-N-BH, doc. 19 at 9-10.)  Section 38.14 of the Texas Penal Code, under which Movant was convicted, expressly states that a person commits the offense where he "attempts to take from a peace officer . . . ."  Tex. Pen. Code § 38.14(b).  Where the defendant "attempted to take a weapon" described in § 38.14(b) from a peace officer, the offense is "a state jail felony," not a misdemeanor.  Tex. Pen. Code § 38.14(e)(2).  He is not entitled to § 2255 relief on this basis.

B.    **Other Claims**

For the first time in his reply, Movant appears to contend that trial counsel was ineffective for not bringing up in Court that: (1) Movant was racially profiled by law enforcement when he was arrested in connection with underlying conviction; (2) the arrest report prepared by law enforcement contained "alot [sic] of speculations and false statement [sic] inside;" (3) "this Court should have thrown this case out before reaching Federal Jurisdiction;" (4) there were issues about a small plastic bag containing cocaine residue that was found within a larger bag containing a "green leafy substance." (No. 3:19-CV-2144-N-BH, doc. 19 at 4-6.) He also contends trial counsel "could have tried to file a motion to surpress [sic] search and siezure [sic]," and that trial counsel's "personal opinion of the defendant caused her to prejudice the case and be ineffective during court." (*Id.*, doc. 19 at 10-11.)

Even assuming for purposes of this motion only that these claims are not time-barred[9] or otherwise waived,[10] Movant's claims still fail. He has offered nothing more than conclusory allegations and speculation to show the alleged ineffective assistance of counsel on these grounds, neither of which is sufficient to warrant habeas relief. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not

---

[9] The claims may be time-barred because they were raised for the first time in his reply, which was filed over one year after his conviction became final under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104–132, 110 Stat. 1214. Because the limitations issue is not jurisdictional, however, courts may bypass it and proceed to the merits of a habeas action. *See, e.g., Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

[10] Movant does not challenge the voluntariness of his guilty plea in this habeas action. "It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the proceedings below." *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (holding that a voluntary guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant."). Because Movant's guilty plea was voluntary, he waived the challenges related to his stop and arrest by law enforcement, related searches and seizures, and any claim of ineffective assistance of counsel based on those challenges. *See, e.g., Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

raise a constitutional issue in a federal habeas proceeding."); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Ross*, 694 F.2d at 1011.  Accordingly, these claims should be denied.

### V.    INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

For the first time in his reply brief, Movant contends that appellate counsel rendered ineffective assistance.  (*See* doc. 19 at 3.)  He alleges that appellate counsel "submitted a [sic] Appeal Brief on Movant's behalf without any communication with the Defendant[,]" and that he filed a petition for a writ of certiorari that was denied.  (*Id.* at 2-3.)  He claims that "due to the ineffectiveness of both" appellate and trial counsel, he filed this § 2255 action.  (*Id.* at 2-3.)

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal.  *Lucey*, 469 U.S. at 396.  Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*.  Under *Strickland*, the movant must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal.  *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal.  *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688).  "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted).

14

To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Here, Movant does not allege any claim on appeal that appellate counsel could or should have raised as the result of communicating with him. He also fails to allege and show a reasonable probability that the outcome of his appeal would have been different. He has not shown any "[s]olid, meritorious arguments based on directly controlling precedent" that counsel should have raised on direct appeal, and he has not shown *Strickland* prejudice. *Williamson*, 183 F.3d at 463; *see also Miller*, 200 F.3d at 282; *Green*, 160 F.3d at 1042. This conclusory claim should be denied.

## VI.    EVIDENTIARY HEARING

To the extent Movant seeks an evidentiary hearing before this Court on any of his claims, no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross*, 694 F.2d at n.2.

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. He also has failed to come forward with independent indicia in support of the likely merit of his claims. *See Reed*, 719 F.3d at 373. Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on any of his claims.

## VII.   RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on September 10, 2019 (doc. 2), should be **DENIED** with prejudice.

**SIGNED this 13th day of June, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE